IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH COUNTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cv-00558-JPG |
| | ) |
| AMERICAN PSYCHOLOGICAL ASSOCIATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Joseph Counts brings this action against the American Psychological Association pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. This matter is before the Court for review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) and for a decision on a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2). For the reasons set forth below, the Complaint is **DISMISSED**, and the IFP motion is **DENIED.**

An indigent plaintiff may bring a case in federal court without paying the required costs or fees by submitting an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal, and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff's affidavit does not demonstrate that he is indigent for purposes of this action. He discloses gross wages of $1,350 per month, a total bank account balance of $3,680, and a net account balance of $675. (Doc. 2, pp. 2-3). He has sufficient funds to pay the $405 filing fee for this action. However, the Court's inquiry does not end there.

Section 1915(e)(2) also requires consideration of a complaint filed by a plaintiff seeking leave to proceed IFP. 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2)(B), the Court may dismiss a case or deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous

1

or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Plaintiff's Complaint fails to state a claim on which relief may be granted, and the IFP motion will therefore be denied.

## The Complaint

Plaintiff alleges that he underwent a mental competency evaluation while in the custody of the Federal Bureau of Prisons (FBOP). (Doc. 1, p. 6). From January through April 2022, he was sent to Metropolitan Correctional Center in Chicago, Illinois (MCC-Chicago) for the evaluation. Plaintiff was diagnosed with "delusional disorder 'grandiose' type" in a report issued May 2022. This report formed the basis of Honorable Stephen P. McGlynn's adjudication of incompetence in Plaintiff's pending criminal case in the United States District Court for the Southern District of Illinois.[1] Plaintiff faults Dr. Kristin Conlon (APA evaluator) and Dr. Krissin (FBOP psychologist) for their role in the "defamatory" diagnosis. *Id*. He seeks money damages from the American Psychological Association. *Id*. at 7.

## Discussion

The Complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings a claim against the American Psychological Association pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials while acting in the scope of their employment. *See id*. The only proper defendant in an FTCA action is the United States. *See Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006)). Plaintiff did not name the United States as a defendant. He also did not bring this suit for the alleged misconduct of federal officials who were acting within the scope of their employment.

---

[1] Plaintiff is presumably referring to *United States v. Counts*, No. 3:21-cr-30068-SPM (S.D. Ill.), where Judge McGlynn found that he was not competent to stand trial. *See* Dkt. Entries 152-53.

He sues the American Psychological Association for the findings made during his evaluation. The FTCA provides no avenue to relief against the American Psychological Association. The Complaint thus fails to state a claim upon which relief may be granted and will be dismissed under § 1915(e)(2)(B).

The Court has considered whether to allow an amendment and declines to do so here. Plaintiff cannot pursue a defamation claim under the FTCA. *See* 28 U.S.C. § 2680(h). The FTCA does not apply to any claim arising out of libel or slander. *Id.*; *Nance v. United States*, App. No. 21-1181, 2024 WL 4502107, at *2 (7th Cir. Oct. 16, 2024) (finding that plaintiff could not succeed on a conspiracy claim under applicable state law, and the underlying torts of abuse of process, defamation, misrepresentation, and deceit were excluded under FTCA); *Figuero v. U.S. Postal Service*, 165 F.3d 32 (7th Cir. 1998) (unpublished) (citing *Jimenez-Nieves v. United States*, 682 F.2d 1 (1st Cir. 1982) (the exception covers all claims of defamation)).

Even if Plaintiff was granted leave to amend the complaint to pursue a claim for money damages against those individuals who completed his mental competency evaluation, the claims could not proceed. The United States Supreme Court has recognized an implied damages remedy against individual federal officers in only three contexts, including a case involving a Fourth Amendment unreasonable search and seizure claim in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971), a Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment medical deliberate indifference claim in *Carlson v. Green*, 446 U.S. 14 (1980). Beyond this, the Supreme Court has rejected every proposed extension of this implied damages remedy in the past 45 years and made it clear that further expansion of the remedy is strongly disfavored. *See Egbert v. Boule*, 596 U.S. 482 (2022); *Brooks v. Richardson*, 131 F.4th 613, 614 (7th Cir. 2025). A *Bivens*-type claim against the individual evaluators does not fit within any of these contexts.

Even if it did, Plaintiff could not pursue his claim for money damages against the individual evaluators. An action brought pursuant to *Bivens* will still be defeated if a defendant is immune from suit. *Egbert*, 596 U.S. at 493, n.2 (citing *Hui v. Castaneda*, 559 U.S. 799, 807 (2010)). Psychological evaluators are "protected by the same immunity extended to judges and other judicial officers." *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959) (affirming dismissal of § 1983 claim on grounds of immunity against court-appointed physician who examined plaintiff's mental health and recommended his commitment); *see also Duzynski v. Nosal*, 324 F.2d 924, 928-29 (7th Cir. 1963) (similarly affirming dismissal of case against two doctors who served on court-appointed commission to evaluate plaintiff's mental condition); *Bauer v. Reidda*, No. 10 CV 1376, 2010 WL 2990036, at *2 (N.D. Ill. July 26, 2010) (Leinenweber) (in context of commitment proceedings pursuant to the Sexually Dangerous Persons Act, "[a]s psychologists hired by the state to evaluate the suitability of prisoners for civil commitment after they serve their criminal sentence, they are akin to court appointed psychologists and their function is quasi-judicial in nature. It is well-established that court-appointed psychological evaluators are "protected by the same immunity extended to judges and other judicial officers.") (collecting cases); *Schloss v. Reidda*, No. 10 CV 3855, 2010 WL 2891635, at *2 (N.D. Ill. July 20, 2010) (Lindberg, J.) (same). Because the psychological evaluators would be immune from suit, Plaintiff cannot amend the complaint to name them as defendants in a *Bivens*-type action.

The Complaint fails to state a claim upon which relief may be granted under the FTCA. Because an amendment would be futile, the Court will not grant Plaintiff leave to amend the complaint. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."). Accordingly, this action will be dismissed with prejudice, and the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be denied.

### Disposition

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**, and the Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, so the $405.00 filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If he wishes to appeal this Order, Counts must file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. CIV. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Counts chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(b); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal IFP must set forth the issues Counts plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Counts may incur another strike under 28 U.S.C. § 1915(g).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED: 5/5/2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
